UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 22-9114-MCS(Ex) | Date | March 7, 2023 |
|---|---|---|---|

| Title | SRI TRANG GLOVES (THAILAND) PUBLIC COMPANY LIMITED, ETC. V. PACIFIC APEX PATERNSHIP, LLC, ET AL. |
|---|---|

Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Valencia Munroe | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**       **Attorneys Present for Defendants:**
                None                                          None

**Proceedings:**        **(IN CHAMBERS)**

The Magistrate Judge has read and considered all papers filed in support of and in opposition to Plaintiff's "Application for Right to Attach Order [and] Order for Issuance of Writ of Attachment" ("the Application"), filed February 1, 2023. The previously scheduled March 10, 2023 hearing is vacated. The Magistrate Judge has taken the Application under submission without oral argument. For the reasons discussed herein, the Application is denied.

Plaintiff alleges that, in 2021, Plaintiff agreed to sell, and Defendant agreed to purchase, millions of dollars worth of "nitrile examination gloves" (First Amended Complaint, filed February 13, 2022). Plaintiff's invoices for the gloves assertedly comprise the contract(s) between the parties (id.). These invoices provide for the resolution of all contractual disputes "by arbitration in Singapore in accordance with the Arbitration Rules of the Singapore International Arbitration Centre" (id., Ex. B, C). These rules authorize the arbitrator to grant injunctive or other interim relief, and the rules also provide a procedure for seeking relief "prior to the constitution of the [Arbitration] Tribunal" (see Rule 30 of the "Singapore International Arbitration Centre Arbitration Rules").

Plaintiff reportedly shipped to Defendant millions of dollars worth of gloves under the contract(s) and received from Defendant millions of dollars in payments therefor (First Amended Complaint). However, Plaintiff asserts that, no later than March of 2022, Defendant breached the contract(s) by ceasing to pay anything to Plaintiff, even though Plaintiff had shipped to Defendant millions of dollars worth of additional gloves (id.). In purported response, Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 22-9114-MCS(Ex) | Date | March 7, 2023 |
|---|---|---|---|
| Title | SRI TRANG GLOVES (THAILAND) PUBLIC COMPANY LIMITED, ETC. V. PACIFIC APEX PATERNSHIP, LLC, ET AL. | | |

asserts that Plaintiff made certain material misrepresentations to Defendant affecting obligations under the contract(s) (see "Declaration of Samantha Kang," filed February 24, 223, at ¶¶ 3-5).

Despite the contract(s)' requirement of arbitration in Singapore under Singapore law, Plaintiff did not seek arbitration.  Rather, Plaintiff filed the present action in December of 2022.  Further, Plaintiff did not agree to arbitrate any aspect of the dispute until after Defendant filed in this Court a motion to compel arbitration.  Even thereafter, Plaintiff has insisted on pursuing attachment here before going to arbitration.  See Minute Order, filed February 22, 2023.

"The federal rule of arbitrability under the FAA [Federal Arbitration Act] governs the allocation of authority between courts and arbitrators."  Chiron Corp. v. Ortho Diagnostic Systems, Inc., 207 F.3d 1126, 1131 (9th Cir. 2000).  "The FAA embodies a clear federal policy in favor of arbitration."  Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 719 (9th Cir. 1999) ("Simula).  In Simula, a plaintiff requested a preliminary injunction in federal court notwithstanding a contract specifying Swiss arbitration under rules permitting interim relief by the arbitrator.  The Ninth Circuit affirmed the denial of the requested preliminary injunction, stating:

> Because the district court correctly concluded that all of Simula's claims were arbitrable and the ICC arbitral tribunal is authorized to grant the equivalent of an injunction pendente lite, it would have been inappropriate for the district court to grant preliminary injunctive relief.  Simula, at 926.

This Court has applied Simula to deny the interim remedy of attachment where the contract in question specifies arbitration, even where the rules of arbitration do not permit the arbitrator (as distinguished from a foreign court) to grant interim relief.  See China National Metal Products Imports/Export Co. v. Apex Digital, Inc., 155 F. Supp. 2d 1174, 1177-83 (C.D. Cal. 2001).

In Toyo Tire Holdings of Americas, Inc. v. Continental Tire North America, Inc., 609 F.3d 975, 980 (9th Cir. 2010) ("Toyo"), the Ninth Circuit recognized an exception to the Simula rule so as to permit a prohibitory preliminary "injunction to preserve the status quo until the arbitral panel can consider and rule upon [the plaintiff's] application for interim relief. . . ."  The question of whether the Toyo exception to the Simula rule has any significant application in the context of attachment is uncertain.  Subsequent to Toyo, some courts (including this Court) have continued to deny attachment where the contract in question specifies arbitration and the rules of arbitration permit the arbitrator to grant interim relief.  See, e.g., Bank Leumi, USA v. Miramax

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-9114-MCS(Ex) | Date | March 7, 2023 |
|---|---|---|---|
| Title | SRI TRANG GLOVES (THAILAND) PUBLIC COMPANY LIMITED, ETC. V. PACIFIC APEX PATERNSHIP, LLC, ET AL. | | |

Distribution Services, LLC, 2018 WL 7568361, at *7-9 (C.D. Cal. Dec. 27, 2018) ("Bank Leumi"); Jiaxing Superlight Electric Appliance Co. v. Lunera Lighting, Inc., 2018 WL 6199681, at *1-3 (N.D. Cal. Nov. 28, 2018) ("Jiaxing").

  Even so, Plaintiff argues that the Toyo exception should apply in the present case. The parties dispute, inter alia, whether the attachment sought here would "preserve the status quo" within the meaning of Toyo. (Toyo, it should be remembered, involved a prohibitory preliminary injunction, not an attachment.) For Defendant, the "status quo" is Defendant's present possession and control over its assets, unaffected by the strictures of an attachment. For Plaintiff, the "status quo" is Defendant's present ability to use its assets to facilitate the payment of debts potentially owing to Plaintiff, unaffected by Defendant's potential future dissipation of those assets. It appears that: (1) under Defendant's interpretation of "status quo," the Toyo exception would never apply to attachment; and (2) under Plaintiff's interpretation of "status quo," the Toyo exception would entirely swallow the Simula rule, and Simula would never preclude attachment.

  Ultimately, the Magistrate Judge need not adopt in a vacuum either party's interpretation of "status quo." If there is to be an exception to the Simula rule for particular attachment applications, the exception should extend no further than the relevant circumstances in Toyo, i.e., circumstances where (unlike in Simula) there exists an "imminent need" for judicial relief "while the parties are waiting for the arbitration panel to be formed and for the arbitration panel to consider whether to grant interim relief." Toyo, at 979-80. No such imminent need exists in the present case or, at least, no such imminent need would exist but for delays previously fomented by Plaintiff. Like the plaintiffs in Al Nawasi Trading Co. v. BP Amico Corp., 191 F.R.D. 57, 58-59 (S.D.N.Y. 2000), Plaintiff here has caused or contributed to significant delays in the submission of the matter to the agreed-upon foreign arbitration. In Al Nawasi, the plaintiffs argued that the court should "preserve the status quo" until the arbitration tribunal could act. The Al Nawasi Court observed that the plaintiffs had "if anything, acquiesced in delays in the arbitration proceedings so that they might instead seek such relief from the Court." The Al Nawasi Court regarded the plaintiffs' delays to have constituted a "tactical evasion" of their "contractual submission" to arbitration.

> To put it succinctly, it is one thing to apply to a court to preserve the status quo
> until a duly constituted arbitrator can act; but it is quite another thing to
> consciously avoid taking steps that would give the arbitrator the ability to act and,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-9114-MCS(Ex) | Date | March 7, 2023 |
|---|---|---|---|
| Title | SRI TRANG GLOVES (THAILAND) PUBLIC COMPANY LIMITED, ETC. V. PACIFIC APEX PATERNSHIP, LLC, ET AL. | | |

instead to apply to another court for relief. Given the modern preference for international arbitration, such bootstraps are no longer fashionable.

Al Nawasi, at 59; see also Ever-Gotesco Resources and Holdings, Inc. v. PriceSmart, Inc., 192 F. Supp. 2d 1040, 1044-45 (S.D. Cal. 2002).

In the present case, Plaintiff could have sought relief in arbitration at any time between March of 2022 (when Defendant's contractual payments ceased) and December of 2022 (when Plaintiff elected to file this action). Further, Plaintiff still could have submitted to arbitration and sought relief in December of 2022 or in January of 2023. Instead, Plaintiff continued to resist arbitration and continued to litigate herein. The circumstances of the present case do not warrant any application of the Toyo exception to the Simula rule. A party who contractually agrees to arbitrate its disputes should not be encouraged to delay submitting to arbitration and, in the meantime, to seek in federal court interim relief which potentially would have been available from the arbitrator had the party acted promptly. See id.[1]

Even if the Magistrate Judge were to apply the Toyo exception to the Simula rule in the present case, the result would remain the same. Section 1281.8(b) of the California Code of Civil Procedure provides that, when an arbitration agreement governs the parties' dispute, the party seeking attachment must demonstrate that any arbitration award in its favor ultimately would be "ineffectual" without the attachment. See Cal. Code Civ. Proc. § 1281.8(b); Sacramento Gun Club v. Anatolian Arms, LLC, 2021 WL 2634446, at *3 (E.D. Cal. June 25, 2021). In this context, "ineffectual[ity]" means "apparent insolvency . . . or . . . that the party was experiencing severe financial difficulties. . . ." California Retail Portfolio Fund GMBH & Co. v. Hopkins Real Estate Group, 193 Cal. App. 4th 849, 857, 122 Cal. Rptr. 3d 614, 620

---

[1] Plaintiff suggests that the arbitrator could not enforce an order for interim relief. However, the federal court could enforce any order issued by an arbitrator, if appropriate. See Jiaxing, at *2 (rejecting argument that the need for judicial confirmation of an arbitrator's interim order avoids the Simula rule). Plaintiff also suggests that the provision in the Singapore arbitration rules indicating that a request for judicial relief is not "incompatible" with the arbitration rules should suffice to avoid the Simula rule. In conformity with other judges who have confronted essentially the same issue, the Magistrate Judge rejects Plaintiff's suggestion. See, e.g., Bank Leumi, at *8; Jiaxing, at *2; DLTL Information Services (Americas) Inc. v. Infinite Software Corp., 502 F. Supp. 2d 1082, 1083-84 (C.D. Cal. 2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 22-9114-MCS(Ex) | Date | March 7, 2023 |
|---|---|---|---|
| Title | SRI TRANG GLOVES (THAILAND) PUBLIC COMPANY LIMITED, ETC. V. PACIFIC APEX PATERNSHIP, LLC, ET AL. | | |

(2011).  "Ineffectual relief is a species of irreparable injury. . . ."  Id., 193 Cal. App. 4th at 855, 122 Cal. Rptr. 3d at 619.  The party seeking the attachment bears the burden of proving that the arbitration award would be "ineffectual" without the attachment sought.  See Plastoform Industries Ltd. v. Monster LLC, 2018 WL 10562845, at *6 (N.D. Cal. Sept. 6, 2018); Subsea Robotics, LP v. Schilling Robotics LLC, 2013 WL 6503344, at *2 (E.D. Cal. Dec. 11, 2013).

In the present case, Plaintiff has failed to prove that the arbitration award would be "ineffectual" without the attachment sought.  Plaintiff argues that Defendant failed to pay alleged debts, including alleged debts assertedly exceeding $4 million.  However, alleged debts "subject to a bona fide dispute" (such as these alleged debts) should not support an inference of insolvency.  See Cal. Civ. Proc. Code § 485.010(b)(2).  The mere size of the alleged indebtedness is not significantly probative, particularly given Defendant's demonstrated ability in the recent past to pay out millions of dollars.  The vague and ambiguous emails of Shann Lin in March of 2022 do not support the probative weight Plaintiff seeks to attribute to them.  Plaintiff's argument that Defendant has lost possession or control of certain inventory does not prove anything regarding the totality of Defendant's assets or the viability of Defendant's ongoing business.  Lastly, Plaintiff points out that Defendant failed to submit evidence of Defendant's financial condition in opposition to the Application.  However, it is Plaintiff, not Defendant, who bears the burden of proof under section 1281.8, and an absence of financial evidence does not carry that burden.

cc:     Judge Scarsi
        All Counsel of Record

Initials of Deputy Clerk  VMUN